BLANCHE, Judge.
Plaintiff operates an employment service. The defendant sought the services of plaintiff, signing a contract with plaintiff on August 4, 1969, the terms of which obligated defendant to pay plaintiff for the fee he has sued for if plaintiff secured employment for the defendant. Plaintiff contends that he obtained employment for the defendant with I. H. Rubenstein and Son, a local department store, and that defendant owes the fee. The defendant resists payment of the fee on the grounds that defendant did not obtain the job through the efforts of plaintiff. The case was tried in the City Court of Baton Rouge before Acting Judge Alton J. Reine, Jr., who rendered judgment for plaintiff and handed down written reasons therefor. From this judgment defendant has appealed, and the record on appeal consists of the deposition of the defendant and a narrative of testimony signed by trial counsel. We affirm.
The trial judge correctly held that defendant had signed a written contract obligating himself to pay the fee:
“The contract and agreement signed by plaintiff on August 4, 1969 is the standard contract form used by plaintiff which sets forth a schedule of fees to be *295 charged for employment based on monthly salaries. The contract calls for the payment of the fee by the applicant. No other written evidence to the contrary was introduced by the defendant in this case. Therefore, the Court is of the opinion that in accordance with the provisions of the contract and agreement the applicant by his execution of the same agreed to be legally bound for the payment of the fee as set forth in the contract and agreement in the event employment was procured for him by plaintiff.” (Written Reasons for Judgment, Record, p. 37)
Defendant’s principal argument is that the plaintiff’s efforts did not directly result in the defendant’s obtaining his job with Rubenstein’s.
The trial judge found otherwise, and his factual resolution of this issue is correct:
“Accordingly, this leaves the remaining issue as to whether or not defendant’s employment with I. H. Rubenstein & Son, Inc. was the direct result of the efforts of the plaintiff. There is some testimony to the effect that the defendant prior to his executing the contract and agreement with plaintiff had forwarded a resume of qualifications to a number of companies including I. H. Rubenstein & Son, Inc. However, Mr. I.- H. Rubenstein testified that he did not remember receiving a resume from the defendant. The testimony established the fact that subsequent to the signing of the contract and agreement, more specifically on October 27, 1969, plaintiff arranged an interview for defendant with I. H. Rubenstein & Son, Inc. for the position of a buyer in the ready-to-wear department. The defendant was not hired in this capacity but was hired as the store manager of the Broadmoor Store by I. H. Rubenstein & Son, Inc. on November 7, 1969, less than two weeks following his initial referral to I. H. Rubenstein & Son. Inasmuch as the contract and agreement does not specify any particular type of employment and further that the defendant had the right under the provision of the contract to refuse employment,[1] the Court is of the opinion that the defendant was employed as [a] direct result of the efforts of-plaintiff.” (Written Reasons for Judgment, Record, p. 38)
It seems to us undeniable that plaintiff’s active efforts were the procuring cause of defendant’s employment. Rubenstein’s would never have known defendant except through plaintiff’s efforts. It further seems marginal for us to reverse' the trial judge on the ground that the job which defendant ultimately obtained was not in existence when defendant first applied ten days earlier.
For the above and foregoing reasons, the judgment appealed from is affirmed at the cost of defendant-appellant.
Affirmed.

. Paragraph 3 of the contract forming the basis of this suit provides as follows:
“3. It is further agreed that applicant shall at all times have the right to refuse any employment tendered without being required to give reasons for such refusal; and the service charge of the agency is earned when applicant accepts employment. . . . ” (Footnote by this Court)