293 So.2d 669 (1974)
AUTOMATED PERSONNEL INTERNATIONAL OF NEW ORLEANS, INC.
v.
Stacy THOMAS.
No. 6135.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
*670 Jacob Kansas, New Orleans, for plaintiff-appellant.
Oliver S. Montagnet, Jr., for defendant-appellee.
Before SAMUEL, REDMANN and LEMMON, JJ.
REDMANN, Judge.
An employment agency appeals from the dismissal of its demand in contract for a fee from a client.
Defendant, seeking plaintiff's assistance in finding employment, signed an "agreement" to pay a fee to plaintiff for satisfactory employment "procured" (presumably meaning procured by plaintiff).
Two or three weeks earlier, a local hospital had advertised in the newspaper for a data processing operations manager at $800 monthly. Plaintiff sent defendant to the hospital to interview for that job. The hospital's application form was filled out by defendant. It contained no notation that defendant was referred by an employment agency as, the hospital data processing director testified, it normally would were the hospital aware of an agency referral. The director never had any contact with plaintiff agency. Defendant was rejected for that personnel-management position.
Plaintiff also sent defendant to one other unsuccessful interview.
Defendant claims to have called plaintiff daily for two months seeking other leads. He testified that plaintiff did not call him or otherwise advise him of possible jobs. Defendant testified he remained unemployed though he also sought assistance of another employment agency.
Four and a half months after the hospital interview, when the need arose for a data processing programmer, the hospital employee recalled the interview with defendant, contacted him, and ultimately employed him in that technical position at $1,000 monthly.
Defendant quit that job after some 14 weeks. Seeking other employment, he contacted plaintiff and, believing it might evoke a more active response, stated to an employee of plaintiff that plaintiff had previously placed defendant. Plaintiff thereupon demanded a fee of $1,200 (10% of a full year's salary) and this suit followed.
Because the writing signed by defendant and plaintiff placed no obligation *671 on plaintiff, this "Agreement" is not a bilateral or reciprocal contract; C.C. art. 1765.[1]
The "Agreement" is legally intelligible as an offer of a promise in exchange for a performance (the offer for a common-law unilateral contract), rather than of a promise for a promise. Defendant's written offer to pay a fee was acceptable only by plaintiff's "procuring" employment satisfactory to defendant.
Plaintiff's theory is that by referring defendant for an interview for the first job at the hospital it "procured" the second job four and a half months later. We reject this theory as too broad. A referring employment agency does not become the part-proprietor of either employer or employee, and the agency is not entitled to a fee on future employment unless it shows that it "procured" the employment.
H. B. Dawson's Inc. v. Cherney, La. App.1971, 256 So.2d 294, where an agency recovered a fee for a second job 11 days after the first interview "arranged" by the agency, is not persuasive. The circumstances of that case suggest direct dealings between agency and employer, and hiring (rather than rejection) of the employee 11 days after interview (although as branch department store manager rather than buyer). The court noted the "marginal" objection that the manager's job was not open at the time of the interview. The impression we have is that defendant there would have been hired as a buyer (and admittedly owe a placement fee) except that the more advanced position of branch manager became available.
In our case, the employment plaintiff sought to procure for defendant was refused him after interview. Defendant ultimately obtained employment, but not because plaintiff persuaded the employer to consider him, or even contacted either employer or employee about the opening for a different position. The new employment came about because the application defendant filled out, and the impression defendant made in person, caused the employer later to remember him favorably for a technical rather than a management job.
The only connection plaintiff had with the employment is that it prompted the first interview, apparently because it had read and remembered or filed the hospital's newspaper advertisement. This was not an acceptance of defendant's offer to pay a fee for procuring employment, but merely a nonproductive attempt towards acceptance.
The judgment is affirmed.
NOTES
[1] It is, of course, not a donation, since there is neither donative intent (the indispensable cause, C.C. art. 1893) nor notarial act (the indispensable form, art. 1536).