MORIAL, Judge.
Management Recruiters of New Orleans, Inc., (Management) sued Louis B. Brown (Brown) and The American Automobile Association (AAA) in contract for an employment placement fee in the amount of $1,950.00 plus 25% attorney’s fees and costs. AAA filed an answer and third party demand for indemnification against Brown. Brown answered and filed a third party demand for indemnification against AAA. After a trial on the merits the district court entered judgment in favor of Management against Brown in the amount of $76.37 plus legal interest and dismissed Management’s suit against AAA and the third party demands of AAA and Brown against each other. Management appeals and AAA appeals the dismissal of its third party demand against Brown. Brown does not appeal.
Management and Brown entered into an agreement whereby Management was to procure employment for Brown for a fee.[1] Through an advertisement which appeared *538 in the newspapers on a weekend sometime in the middle of April or May 1974, Management learned that AAA was interested in employing a sales representative.[2] Management contacted AAA about an interview with Brown. On May 28,1974, Brown entered into a Membership Representative’s Agreement of employment with AAA which provided for the payment of full compensation for his services on a Commission basis.[3] Brown disregarded several requests of Management for payment of its fee. He subsequently received a letter from Management’s counsel dated June 26, 1974 which stated:
“ * * * Although it was the understanding of my client that your employer, American Automobile Association, was to pay the fee for your placement, since they have refused to pay the fees, we are now compelled to make demand upon you for the payment of a fee in the amount of $1,950.00 or to resign your job within five days of this notice, under the provisions of paragraph 14 of your agreement with my client.”
Brown resigned from his employment on July 3, 1974.
The issues before the court are: (1) whether or not AAA contracted with Management to pay a fee in connection with the hiring of Brown; (2) whether or not Brown was employed as Sales Manager or a commissioned representative; and (3) whether or not the judgment in favor of Management against Brown is in the correct amount under the terms of the agreement between them.
Sometime prior to the transaction involved herein AAA entered into a Employer-Paid Fee Policy with Management. This agreement which states “effective April 1, 1972”, contains no time duration nor specific job for which AAA agreed to pay Management a placement fee. On the basis of the testimony of a former Management employee that the agreement was for the limited purpose of placement of a public affairs director with AAA, the district court correctly concluded that this agreement had no significance to this case. With this determination we must agree.
On the Monday following the appearance of the newspaper advertisement, Mr. Harrison of Management initiated a telephone conversation with Mr. Floyd, Director of Sales for AAA concerning the advertisement. The testimony of Floyd and Harrison of their telephone conversation leads us to the inescapable conclusion that AAA agreed to the payment of a placement fee if a sales manager were em *539 ployed through the procurement of Management.
Was Brown employed as a sales manager? We think not. Brown signed a Membership Representative’s Agreement which provided for full compensation on a commission basis. The nature of Brown’s compensation is evidenced by Commission Statements showing earnings from commissions only in the total amount of $763.70 for the period of his employment. AAA’s sales managers were compensated on a salary basis plus overrides on sales of membership representatives. Though AAA admitted that Brown was being given managerial training for purposes of evaluating his ability to handle a managerial position in the future that alone could not change his job description from that designated in his employment agreement. Furthermore, Floyd informed Management that Brown did not have managerial qualifications and AAA would not employ him as a sales manager. There is no evidence of a modification of Brown’s employment agreement and he is bound by its terms and its description of his employment. Brown entered into employment with AAA as membership representative and remained so until he voluntarily resigned.
In spite of Management’s letter of June 26, 1974 to Brown, we are of the opinion that the district court erred when it concluded that Brown resigned “ * * * for reasons beyond my [his] control * *” and improperly invoked that part of paragraph 7 in rendering judgment against Brown in the amount of $76.37 based upon 10% of his total commissions of $763.70. Obviously, after receiving Management’s letter Brown thought he had an employer fee paid job and resigned to avoid any possible obligation to pay Management’s fee for his placement pursuant to paragraph 14. Paragraph 14 becomes operative only if an employer fee paid job is accepted and the employer fails to pay the fee. Such condition did not exist under the circumstances of this case. As hereinabove concluded, Brown’s employment was not an employer fee paid job and he could not have been held for a fee under the conditions of paragraph 14. Therefore, we must conclude that Brown’s termination of his employment by resignation was not beyond his control. Accordingly, since Brown quit his Management procured non-employer fee paid job within less than 90 days, he is obligated to pay a fee calculated on the basis of the fee schedule of paragraph 7. See H. B. Dawson’s, Inc. v. Cherney, 256 So.2d 294 (La.App. 1 Cir. 1974). Brown’s gross earnings totalled $763.70 on which he must pay a fee of 50% amounting to $381.85 plus eight (8%) percent interest as provided for in paragraph 5 and stipulated attorney’s fees of twenty-five (25%) percent.
For the foregoing reasons the judgment of the district court is amended, and it is ordered, adjudged and decreed that there be judgment in favor of Management Recruiters of New Orleans, Inc., against the defendant Louis B. Brown in the full sum of $381.85 together with eight (8%) percent interest thereon and attorney’s fees of twenty-five (25%) percent and in all other respects the judgment of the district court is affirmed.

AMENDED IN PART

AFFIRMED IN PART.

. The pertinent parts of the agreement provide as follows:
4. Schedule of fees: (rate of Professional Service Charges based on projected annual salary at time of acceptance) THE METHOD OF COMPUTING MY ANNUAL COMPENSATION SHALL BE 52 TIMES MY WEEKLY COMPENSATION, OR 12 TIMES MY MONTHLY COMPENSATION, OR AS OUTLINED IN SECTION 9 OF THIS CONTRACT.

******
5. Your fee for professional services is earned when I accept employment and is payable net within 10 days after acceptance of position; unless otherwise negotiated at the time of acceptance. Any extension of these terms will bear 8% simple interest.
* * * * 4! *
7. Temporary employment means employment which last less then 90 days. If my job becomes temporary for reasons beyond my control, I agree to pay you 10% of my gross earnings. Should I quit my job, or should my job become temporary due to other reasons within my control, then I agree to pay 50% of my gross earnings, or the fee calculated in paragraph 4, whichever is the smaller of the two.

14. If I accept a full, or partly employer fee paid job and the employer subsequently fails to pay the fee due, I have the option to resign the job within five days of written notice at no cost to me, or I may accept the job and pay the appropriate fee provided in paragraph 4 of this contract.

18. I hereby stipulate and agree to pay twenty-five (25%) percent over and above my fee, as attorney’s fee, plus all costs of collection including court costs, should it become necessary to obtain counsel or collection services, or resort to court action to collect my fee.

. The advertisement stated:
SALES REPRESENTATIVE AMERICAN
AUTOMOBILE ASSOCIATION
Sales Management Oppty.
Career Opportunity
Salary Guaranteed Paid Vacation
Free Hospitalization
Free Life Insurance
Other fringe Benefits
No experience necessary. We will train you to enter a profitable career with the American Automobile Association $800 to $1000 a month possible if you are willing, like people and have a serviceable automobile. Prefer mature person. Sales or telephone experience helpful, but not necessary.
Call MR. FLOYD 837 — 4678
An Equal Opportunity Employer

. Pertinent provision of the Membership Representative’s Agreement states:
***** *
“THE ASSOCIATION AGREES:

“(2A) To pay semi-monthly, as full compensation for the services of the Representative, membership commissions on dues money collected during the Representative’s terms of employment in accordance with the established rates of the Association.
* *****
“THE REPRESENTATIVE AGREES:
“(3C) To accept as full compensation for his services, membership commissions to be paid by the Association in accordance with the established rate paid by the Association at the time the money is received by him. When employment is terminated, no further commissions will be paid on subsequent payments received by the Association on previous sales made by the Representative. No commission will be paid to the Representative on either new or renewal membership after his employment is terminated.”